JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7686 AG (MLGx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | LYNNETTA ELLISON v. AUTOZONE, INC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:**     [IN CHAMBERS] ORDER REMANDING CASE

The hearing scheduled for April 23, 2012 on Defendant's Motion to Dismiss and Motion to Transfer is ordered VACATED.

Plaintiff Lynnetta Ellison ("Plaintiff") sued Defendant AutoZone, Inc. ("AutoZone") in Los Angeles County Superior Court in June 2011 asserting individual claims for race discrimination and class claims for violations of California labor laws.

AutoZone removed the action to this Court on the basis of diversity under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. §§ 1132, 1441, 1446. In October 2011, the U.S. Judicial Panel on Multidistrict Litigation severed and transferred Ellison's class action labor claims to the Northern District of California to be coordinated with other similar class actions. Ellison's individual race discrimination claims were not transferred and remain before this Court.

Because the Court no longer has jurisdiction under CAFA, it must determine whether it still has diversity jurisdiction over Plaintiff's individual race discrimination claims. *See* 28 U.S.C. § 1332(a). The parties are diverse because Plaintiff is a citizen of California

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7686 AG (MLGx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | LYNNETTA ELLISON v. AUTOZONE, INC., et al. | | |

and AutoZone is a Nevada corporation with its principal place of business in Tennessee. (Notice of Removal ¶ 8.)

But the amount in controversy does not appear to be greater than $75,000. Ellison's First Amended Complaint ("FAC") does not state a specific dollar amount in controversy. (*See* FAC *passim*.) When a "complaint fails to allege a sufficiently specific total amount in controversy . . . [courts] apply the preponderance of the evidence burden of proof to the removing defendant." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

The Court now looks to AutoZone's Notice of Removal to determine, by a preponderance of the evidence, whether the amount in controversy for Plaintiff's individual race discrimination claims exceeds $75,000. The Notice of Removal asserts that the "[class action claims'] amount in controversy will increase, subject to proof, as the scope [of] Plaintiff's [race discrimination] allegations are disclosed . . . in the course of discovery." (Notice of Removal ¶ 18.) The Court finds that these assertions are inadequate to establish that the amount in controversy now exceeds $75,000. Thus, the Court does not have jurisdiction over this action under 28 U.S.C. § 1332(a).

**DISPOSITION**

The Court REMANDS this action to Los Angeles County Superior Court, and as noted, the hearing scheduled for April 23, 2012 on Defendant's Motion to Dismiss and Motion to Transfer is ordered VACATED.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7686 AG (MLGx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | LYNNETTA ELLISON v. AUTOZONE, INC., et al. | | |

: 0

Initials of Preparer    lmb